[Cr. A. No. 1001. Appellate Department, Superior Court, Los Angeles County.—December 27, 1933.]

THE PEOPLE, Respondent, v. MRS. ROSE MONTOYA, Appellant.

(2 Cal. Supp. 87.)

Robert J. Adcock for Appellant.

Buron Fitts, District Attorney, and Frank W. Stafford, Deputy District Attorney, for Respondent.

BISHOP, P. J.—Appellant was convicted of conducting a beer parlor in a manner which constituted it a public nuisance. We are of the opinion that the evidence which portrayed drunken, disorderly crowds on the sidewalks in front of appellant's place of business was sufficient to sustain the judgment.

But little appeared in the evidence as to the conditions prevailing inside the beer hall, but from several witnesses the jury learned that the sidewalk outside was frequently so crowded with drinking and drunken men that those passing by had to step out into the street; that the sidewalk was obstructed not only by the number of persons congregated on it, but by their lack of co-operation in letting others pass; that drunken men were milling around, going into and coming out from appellant's place; that those outside used profane and obscene language, and were loud and boisterous, frightening women and children who had occasion to pass by.

A public meeting place, such as a dance-hall or beer parlor, is a public nuisance if so conducted that the crowds in it are allowed to upset the neighborhood by the noise they make or the offensive language they use. Such a condition falls within the definition of public nuisance given by section 370 of the Penal Code: "Anything which is injurious to health, or is indecent, or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property by an entire community or neighborhood, or by any considerable number of persons, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake,

or river, bay, stream, canal, or basin, or any public park, square, street, or highway, is a public nuisance.'' ■ There can be no serious doubt, and there is no contrary contention, that appellant would have been properly convicted of maintaining a public nuisance had the drunken crowds been within the beer hall, and their offensive language reached those passing by on the sidewalk or living in the neighborhood. (*State* v. *Bertheol*, (1843) 6 Blackf. (Ind.) 474 [39 Am. Dec. 442] ; *Palestine Bldg. Assn.* v. *Minor*, (1905) 27 Ky. Law Rep. 781 [86 S. W. 695] ; *People* v. *Tendetnick*, (1932) 237 App. Div. 9 [260 N. Y. Supp. 777].) She took the position at the trial, however, and now contends, that she was not responsible for what went on in front of her hall.

Appellant cites no authority in support of her position, and those known to us are all against it. In *Cable* v. *State*, (1847) 8 Blackf. (Ind.) 531, the court framed one of the questions before it as follows: ''Could the defendant be liable, if the quarrelling, fighting, &c., were in the street where he could not control the offenders?'' To this question the court gave an affirmative answer, and then made this comment: ''If the defendant voluntarily raised the storm as charged in the indictment, it is no excuse for him that he could not afterwards quell it.''

The defendant corporation was charged with maintaining a public nuisance in *Jung Brewing Co.* v. *Commonwealth*, (1906) 123 Ky. 507 [96 S. W. 595, 124 Am. Rep. 376]. The defendant's activity consisted in selling beer in wholesale quantities, making no provision for the consumption of any of it on its property. Sometimes the beer was delivered elsewhere, but it was usually divided up at once among those who had joined in the pot to buy it, who then drank it in front of defendant's place of business. In affirming the conviction the court stated: ''Conceding that it had a right to sell liquor . . . it had no right to allow the assembling around its premises of noisy, drunken, boisterous crowds, whose 'swilled insolence' and profanity made the use of the highway in that neighborhood, by women, always unpleasant and sometimes dangerous.''

In two cases some of the disorder was located inside the hall, much or most of it outside. In one of these cases,

*Blanton* v. *State,* 38 Okl. Cr. 149 [259 Pac. 655], the Oklahoma Circuit Court of Appeals declared: "A dance hall is not *per se* a nuisance, but may become such by the manner in which it is conducted and by the conduct of the persons assembled in and around it. The proof is not restricted to what occurs within the building at which the nuisance is charged to be maintained, but acts constituting a nuisance and having an evident connection and relation to the offensive matter charged as a nuisance occurring adjacent to and about the building so near as to constitute a part of the nuisance charged are competent." In *State* v. *Everhardt,* (1932) 203 N. C. 610 [166 S. E. 738], a conviction that the defendant had maintained a common nuisance was upheld, the evidence consisting in the main of a description of the disgraceful scenes taking place outside of the dancehall with which defendant was identified.

We conclude, therefore, that one who operates a place where liquor is sold is criminally liable if as a result of its operation the patrons, either within or congregated without its limits, conduct themselves so as to be a public nuisance.

We have considered the other points raised by appellant and find it unnecessary to comment on them other than to say that none present prejudicial error. The judgment is affirmed.

Fox, J., and Shinn, J., concurred.

Rehearing denied.